UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON MURPHY, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-1414 |
| | § | |
| DVE MANAGEMENT, INC., DAVID | § | |
| W. CARR AND ALAN WALLEN, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Shannon Murphy, by and through his undersigned attorney of record, and sues Defendants DVE Management, Inc., David W. Carr, and Alan Wallen, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Shannon Murphy worked for Defendants from mid 2014 to early 2015 as a general laborer. Even though he consistently worked over forty hours per week, he was only paid a day rate with no overtime premiums.

1.2   Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant DVE Management, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Shannon Murphy is an individual residing in Midland County, Texas.

**B.     Defendants**

3.2     Defendant DVE Management, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Greenville, Texas.

3.3     Defendant DVE Management, Inc. was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant DVE Management, Inc. can be served with process by serving its registered

agent for service of process, David W. Carr at 2824 Terrell Road, Suite 406, Greenville Texas 75402.

3.5. Defendant David W. Carr is an individual who resides in Hunt County, Texas.

3.6 At all times relevant to this claim, Defendant David W. Carr acted directly or indirectly in the interest of Defendant DVE Management, Inc. in relation to Plaintiff's employment.

3.7 Defendant David W. Carr was substantially in control of the terms and conditions of Plaintiff's work.

3.8 Defendant David W. Carr was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.9 Defendant David W. Carr may be served with process at 2824 Terrell Road, Suite 406, Greenville Texas 75402.

3.5. Defendant Alan Wallen is an individual who resides in Hunt County, Texas.

3.6 At all times relevant to this claim, Defendant Alan Wallen acted directly or indirectly in the interest of Defendant DVE Management, Inc. in relation to Plaintiff's employment.

3.7 Defendant Alan Wallen was substantially in control of the terms and conditions of Plaintiff's work.

3.8 Defendant Alan Wallen was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.9 Defendant Alan Wallen may be served with process at 2824 Terrell Road, Suite 406, Greenville Texas 75402.

### IV. FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2 At all relevant times, Defendant DVE Management, Inc. had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6   At all relevant times, DVE Management, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8   At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.   FACTUAL ALLEGATIONS

5.1   Defendants provide well testing and completion flowback services to oil and gas companies in Texas.

5.2   Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint.  Specifically, Defendants employed Shannon Murphy from mid 2014 to early 2015.

5.3   Defendants employed Plaintiff as a general laborer.

5.4   Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5   Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.6   Plaintiff was required to comply with Defendants' policies and procedures in performing

Plaintiff's work during Plaintiff's employment with Defendants.

5.7    David W. Carr and Alan Wallen independently exercised control over the work performed by Plaintiff.

5.8    David W. Carr and Alan Wallen were responsible for running the day-to-day operations of DVE Management, Inc..

5.9    David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., determined the wages to be paid to Plaintiff.

5.10   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.11   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., determined the locations where Plaintiff would work.

5.12   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., determined Plaintiff's hours.

5.13   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., determined Plaintiff's conditions of employment.

5.14   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., maintained employment records on Plaintiff.

5.15   David W. Carr and Alan Wallen, acting directly in the interest of DVE Management, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.16   Plaintiff was a non-exempt employee under the FLSA.

5.17   Defendants paid Plaintiff a day rate for all hours worked.

5.18   Plaintiff normally worked in excess of forty hours per week.

5.19    Although Plaintiff worked more than forty hours per week, Plaintiff has not been paid an overtime premium for working more than forty hours per week.

## VI.    CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3    Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff an overtime premium for any hours worked in excess of forty per week.

6.4    Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation for all hours worked over forty per workweek.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.6    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.7    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.8    Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including

expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Shannon Murphy respectfully prays that Defendants DVE Management, Inc., David W. Carr and Alan Wallen, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF